**SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellee,**

v.

**The AMERICAN BOARD OF TRADE, INC., Arthur N. Economou, Phyllis H. Economou, and the American Board of Trade Service Corp., Defendants-Appellants.**

**No. 1588, Docket 86–6100.**

United States Court of Appeals, Second Circuit.

Argued July 17, 1986.

Decided Aug. 8, 1986.

Paul A. Batista, New York City, for defendants-appellants The American Bd. of Trade, Inc., Phyllis H. Economou, and The American Bd. of Trade Service Corp.

Arthur N. Economou, pro se.

Jacob H. Stillman, Associate Gen. Counsel, S.E.C., Washington, D.C. (Daniel L. Goelzer, Gen. Counsel, Eric Summergrad, Sr. Sp. Counsel, Sheila M. Barry, S.E.C., Washington, D.C., Paul Gonson, of counsel), for plaintiff-appellee.

Before WINTER and MAHONEY, Circuit Judges, and ZAMPANO, District Judge.*

PER CURIAM:

This appeal is a sequel to our decision in *Securities and Exchange Commission v. American Board of Trade, Inc.*, 751 F.2d 529 (2d Cir.1984), familiarity with which is assumed. In that case we stayed the district court's injunction against further sales of commercial paper by appellants and remanded to give appellants the opportunity to register The American Board of Trade Service Corp.'s ("ABT Service's") commercial paper program with the Securities and Exchange Commission ("SEC")

pursuant to the Securities Act of 1933 (the "1933 Act").

After the remand to the district court the SEC and appellants engaged in several fruitless exchanges with regard to registration. After considerable time had passed, the district court, apparently concluding that a valid registration was simply not in the cards, appointed a Special Master to supervise the winding down of ABT Service's commercial paper program. The court also ordered that the stay of the injunction against the sale of commercial paper be lifted and that defendants cease sales or redemptions of notes issued by ABT Service.

ABT Service and the various other defendants appealed from the order enjoining sales and redemptions. On June 10, 1986, we stayed the injunction against sales or redemptions until the present appeal could be heard. We issued that stay over the vigorous arguments of the SEC that it would allow ABT Service to continue marketing unregistered commercial paper in circumstances in which ABT Service's insolvency would cause new investors to lose money. Subsequently, on June 26, 1986, we extended the stay to encompass further proceedings by the Special Master.

On June 30, 1986, the government secured a search warrant from Magistrate Gershon, the effect of which was to enable the government to seize all of ABT Service's records and thereby force it to cease doing business. Appellants moved us to extend the previous stays so as to compel the government to return the seized documents. We denied the motion.

ABT Service raises a host of technical and hypertechnical objections to the injunction against further sales and redemptions and to the failure of the SEC to accept its various attempts at registration. These baseless claims need not detain us. The crucial fact is that ABT Service has simply not made the certified financial information necessary for registration available. The

---

* The Honorable Robert C. Zampano, Senior United States District Judge for the District of Connecticut, sitting by designation.

issuer identified in the proffered registration statement is not ABT Service but rather a new corporation, The American Board of Trade National Market System Incorporated ("ABTNMS"). Because it has no financial track record, ABTNMS' financial statements are virtually irrelevant. However, since ABTNMS intends to take over ABT Service's commercial paper program and thus to assume the latter's liabilities, certified financial statements from ABT Service itself are essential to registration. Parties subject to the 1933 Act may not avoid relevant disclosure simply by the creation of new corporate shells.

ABT Service appears never to have had its financial statements certified. The inability to provide certified financial statements for prior years is said to result from the fact that ABT Service's customers will not take the time to verify transactions of months and years past and, therefore, reliable financial information is available for only the last three or four months. We are unimpressed. Appellants have known since the filing of the amended complaint in this litigation on September 30, 1983 that they might be required to register their securities and that certified financial statements would then be necessary. They have known since December 26, 1984 that registration was in fact necessary. Nevertheless, they took no steps to have their financial statements certified. Given the conceded lack of certified financial data, the district court, whether or not it made appropriate findings, was correct in issuing the injunction against all sales and redemptions. We, therefore, affirm the action of the district court.

Finally, we comment upon the securing and execution of the search warrant. We have reviewed the sealed affidavit relied upon in obtaining the search warrant from the Magistrate. The Magistrate was not informed about the nature of the appeal pending in this court or about the stays that had been issued by us. Indeed, the affidavit implied that the only stay in effect was that issued in December, 1984 and justified the application for a warrant in part on the fact that ABT Service's sale of unregistered commercial paper violated Section 5 of the 1933 Act, 15 U.S.C. § 77e, an issue that was very much part of this appeal. Our stays of June 10 and 26, 1986, of course, were intended to allow ABT Service to continue marketing its commercial paper until the legality of that marketing could be determined by us on appeal. The execution of the warrant vitiated that purpose.

The failure to disclose to the Magistrate the recent ongoing proceedings in this court was an omission of a material fact. The Magistrate was entitled to know that the legality of the sales of ABT Service's commercial paper was at issue in an appeal pending before this court and that a stay allowing the sale of that paper had been granted. Such information was relevant to probable cause and might have led the magistrate to condition execution of the warrant upon measures that would have been consistent with our stay, *e.g.*, supplying copies of seized documents.

We add this note only as a cautionary observation for the future. We ourselves vacated the stay of the injunction against sales and redemptions on July 17, 1986, and the affidavit in question clearly established probable cause quite apart from the sales of unregistered paper.

Affirmed.